[No. 28632. Department One. January 18, 1943.]

*In re Appeal of* WENATCHEE BEEBE ORCHARD COMPANY.[1]

*The Attorney General, George Wilkins,* and *Frank W. Foley, Assistants,* for appellant.

*Crollard & O'Connor,* for respondent.

MALLERY, J.—The Wenatchee Beebe Orchard Company appealed to the superior court for Chelan county for a review of an order of the commissioner of unemployment compensation and placement, allowing benefits to one Harold J. Eakins under the unemployment compensation act. The superior court for Chelan county reversed the order of the commissioner. The appeal to this court has been taken by the commissioner.

The Wenatchee Beebe Orchard Company is engaged in the growing, packing, and storage of fruit. It operates five orchards, totaling six hundred acres, and several packing and cold storage plants, one of which,

[1]Reported in 133 P. (2d) 283.

the plant in question, is located at Brewster, Washington. In this plant, not only fruit grown by respondent, but also that grown by many other orchardists is processed, packed, and warehoused. During the year 1939, 45,606 boxes of apples were handled, of which 25,496, or 55.9% were grown in respondent's own orchard. The remainder consisted of fruit grown and owned by others.

*Each pay period, the respondent computes the* percentage of "own" and "outside" fruit handled at the plant, and pays the unemployment compensation contributions to the office of unemployment compensation and placement upon that percentage of the wages paid the workers, office help included, which represents the percentage of outside fruit processed or warehoused during the pay period; i.e., the Wenatchee Beebe Orchard Company considers all work performed at the Brewster packing plant upon fruit grown by the respondent to constitute "agricultural labor," and thus excluded from the coverage of the unemployment compensation act; while work performed upon the fruit grown by others is considered to be "employment" within the purview of the act.

On January 3, 1940, Harold J. Eakins, the benefit claimant involved in this action, filed a claim for unemployment compensation benefits, and, on April 18th, was issued a determination, showing insufficient wage credits during his "base year" to qualify for benefits under § 4 (e) of the unemployment compensation act (Rem. Rev. Stat. (Sup.), § 9998-104 [P. C. § 6233-304] (e)), which provides that an individual shall only be eligible to receive unemployment compensation benefits if he has earned within his base year two hundred dollars from employers subject to the unemployment compensation act. From this determination, which shows third quarter 1939 wage credits of $10.51 and total wage credits of $193.85, the claimant duly

filed an appeal, alleging that he had earned $25.03 while in the employ of the Wenatchee Beebe Orchard Company during the third quarter of 1939, and contends that that amount, rather than $10.51, should appear upon his determination for that period. If Eakins had earned $25.03, rather than $10.51 from an employer subject to the unemployment compensation act during the third quarter of the year 1939, he would have earned in excess of two hundred dollars during his base year and thus be eligible for unemployment compensation benefits.

The respondent does not dispute the amount of earnings, but contends that certain of the services performed by claimant in its Brewster fruit packing plant and warehouse constituted "agricultural labor" for the reason that 58% of the claimant's services were performed upon fruit grown by respondent. Therefore, only $10.51 was reportable to the office of unemployment compensation and placement as "employment," inasmuch as this portion of the total wages paid represents the services performed upon fruit owned by others and processed in the company's plant.

The testimony adduced at this hearing disclosed the nature of the benefit claimant's work to have been that of a warehouse laborer; i.e., the loading of cars and the piling and trucking of fruit from the packing plant to cold storage. All of Eakins' services for the Wenatchee Beebe Orchard Company were rendered in the Brewster warehouse, which is located in the town of Brewster, and not upon a farm, but adjacent to it.

In view of this court's decision in the case of *Cowiche Growers, Inc. v. Bates,* 10 Wn. (2d) 585, 117 P. (2d) 624, it may properly be stated that the decision in the case here presented to the court narrows down to a single question; namely, is the packing of apples grown by a farmer and packed in his own warehouse, not on the farm but adjacent to it, an agricultural labor

operation? In the *Cowiche* case, this court decided that the services performed in the packing of apples by commercial firms and even by cooperatives, would not constitute agricultural employment, because the operation was not conducted by the farmer or on the farm, and, therefore, was not within the exemption of the statute (Laws of 1939, chapter 214, p. 853, § 16, Rem. Rev. Stat. (Sup.), § 9998-119a [P. C. § 6233-317]):

"(g) (6) The term 'employment' shall not include:
"(i) Agricultural labor; (services *customarily* performed by a farm hand on a farm for the owner or tenant of a farm)." (Italics ours.)

Appellant contends that the respondent's warehouse must have been "on the farm" if the labor therein is to be excluded from the act as decided in *Cowiche Growers, Inc. v. Bates, supra.* The distinction between the immediate case and the *Cowiche* case, *supra,* is that in the *Cowiche* case the employers were not farmers and did not grow or own the fruit. Their enterprises, located in the cities, were limited to processing the fruit of others, while in this case respondent is a farmer and processes its own fruit in its own plant, off of but adjacent to the farm. This is not a case where a non-farmer commercial packer seeks to be excluded from the act.

Respondent contends that only services performed upon its own fruit in its own packing plant constitute agricultural labor, while the services rendered upon the fruit of others are within the purview of the case of *Cowiche Growers, Inc. v. Bates, supra.*

Rem. Rev. Stat., § 2840 [P. C. § 2708] and Rem. Rev. Stat. (Sup.), § 2867-1 [P. C. § 2723-21] require all apples to be graded, packed, and marked before they can be shipped. Before horticultural restrictions pertaining to the washing, grading, and shipment of apples became so stringent, practically every orchardist had

a sorting and packing shed on the orchard. In a large number of cases, the washing and packing operations are still conducted by the individual fruit producer on his own orchard properties. *The operation is purely to prepare the fruit for market in a fresh state. It does not involve processing or manufacturing into another product. The fruit producer can only market what he grows if he prepares the same for market in accordance with existing horticultural laws.* The fact that other growers may elect to have the work done by commercial firms, because of the problems of providing washing and packing equipment or because they have small crops which they deem not to justify the expenditures involved in providing such equipment, does not convert the operation from an agricultural process to an industrial process in cases where they still do it themselves, as customarily.

The sorting and grading of a product such as apples, or a product like potatoes, would not become an industrial or commercial operation solely because mechanical devices are used as an aid to such sorting or grading.

The fact that the warehouse where the work was done was not actually on the farm but was only adjacent thereto on a railroad siding which increased its convenience and economy of operation, does not change the inherent nature of the work. It was still the *kind* of services, *customarily performed* on a farm. The distinction for which respondent contends is a sound one.

Judgment affirmed.

STEINERT and ROBINSON, JJ., concur.

JEFFERS, J., concurs in the result.

MILLARD, J. (dissenting)—I dissent, as this cause is within the rationale of *Cowiche Growers, Inc. v. Bates,* 10 Wn. (2d) 585, 117 P. (2d) 624.

February 26, 1943. Petition for rehearing denied.