[No. 3263-1.    Division One.    May 17, 1976.]

DAIRY VALLEY PRODUCTS, INC., *Appellant*, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, ET AL, *Respondents.*

*Gilbert & Gilbert* and *Warren Gilbert, Jr.*, for appellant.

*Slade Gorton, Attorney General,* and *Joseph M. Littlemore* and *Stephen W. Burke, Assistants,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

Dairy Valley Products, Inc. (Dairy Valley) is a Skagit County producer, processor, and marketer of milk. The Employment Security Department of the State of Washington (the Department) levied an assessment against Dairy Valley for contributions claimed by the Department to be owing to the unemployment compensation fund on account of some 13 of Dairy Valley's 30 or more employees.

It was and is the Department's position that the 13 employees were not within the agricultural labor exemption of the Employment Security Act, RCW 50.04.150.[1]

---

[1] "Employment—Agricultural labor. The term 'employment' shall not include service performed:

"(1) On a farm, in the employ of any person, in connection with the cultivation of the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and furbearing animals and wild life, or in the employ of the owner or tenant or other operator of a farm in connection with the

Dairy Valley requested and was given a hearing before a departmental appeal tribunal. The parties were represented by counsel, and testimony and evidence were presented. Thereafter, the appeals examiner rendered his 14-page written decision which included detailed findings and conclusions. That decision was affirmed by the commissioner of the Department. Dairy Valley thereupon brought the matter before the Superior Court for review of the administrative proceedings pursuant to the administrative procedures act, RCW 34.04.

Following a hearing in the trial court, that court affirmed the Department's decision. Dairy Valley appeals to this court.

Additional facts will be noted in connection with our discussion of the issues presented.

## ISSUES

The issues in this case are basically whether the activities of the 13 employees in question were as a matter of law "incident to ordinary farming operations" as defined by the agricultural labor exemption to the Employment Security Act, RCW 50.04.150; and whether for that reason or any other the administrative determination that the 13 employees were not within the exemption was clearly erroneous.

## DECISION

Under the testimony and evidence submitted at the departmental hearing, we do not have a definite and firm

---

operation, management, conservation, improvement, or maintenance of such farm and its tools and equipment; or

"(2) In packing, packaging, grading, storing, or delivering to storage, or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations. The exclusions from the term 'employment' provided in this paragraph shall not be deemed to be applicable with respect to commercial packing houses, commercial storage establishments, commercial canning, commercial freezing, or any other commercial processing or with respect to services performed in connection with the cultivation, raising, harvesting and processing of oysters or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption." RCW 50.04.150.

conviction that the administrative findings are mistaken or that they or the decision were clearly erroneous.

*Schuffenhauer v. Department of Employment Security*, 86 Wn.2d 233, 543 P.2d 343 (1975) is a case similar to the case at bench in several material respects. It was decided subsequent to this appeal being taken. *Schuffenhauer* also involved a party against whom an assessment for unemployment compensation had been made. That party appealed to the Superior Court and thence to our State Supreme Court alleging that the operations there in issue were within the agricultural labor exemption, RCW 50.04.150 (see footnote 1).

█ *Schuffenhauer* expresses the nature and scope of our review of the present case as well as the public policy of the Employment Security Act:

> Judicial review of administrative action is governed by RCW 34.04.130(6) which authorizes a court to reverse the decision of an administrative agency "if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order . . ." Appellant argues the findings of the commissioner are "clearly erroneous" in that they are not supported by any evidence. As we decided in *Ancheta v. Daly*, 77 Wn.2d 255, 259, 461 P.2d 531 (1969), an administrative determination is clearly erroneous when, although there is evidence to support the finding, the reviewing court is left with the " 'definite and firm conviction that a mistake has been committed' " (quoting from *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948)). Under the Employment Security Act the decisions of the commissioner are "prima facie correct" and the burden of proof is upon the party attacking the decision. RCW 50.32.150; *In re All-State Constr. Co.*, 70 Wn.2d 657, 659, 425 P.2d 16 (1967).
>
> The public policy of the act, made a part of the standard of review by RCW 34.04.130(6)(e), is found in the preamble which states, "the compulsory setting aside of unemployment reserves" is required to alleviate the

many adverse effects of involuntary unemployment. RCW 50.01.010. The preamble further states, and we have held, that the act should be liberally construed in order to accomplish this objective. *Cowiche Growers, Inc. v. Bates*, 10 Wn.2d 585, 593, 117 P.2d 624 (1941); *Amburn v. Daly*, 81 Wn.2d 241, 248, 501 P.2d 178 (1972).

*Schuffenhauer v. Department of Employment Security, supra* at 235-36.

■ The rules of construction which we likewise must follow are also set forth in *Schuffenhauer*:

Appellant's claim that [the workers] are not in his "employment" since their services are agricultural labor within RCW 50.04.150 and thus exempt from the coverage of the Employment Security Act must be closely scrutinized inasmuch as the act is a taxation statute. *See* RCW 50.04.072. In *In re Fors Farms, Inc.*, 75 Wn.2d 383, 387, 450 P.2d 973 (1969), we recently reaffirmed that an exemption from a taxation statute must be strictly construed in favor of the application of the tax, and that the burden of proof is on the party claiming the exemption. *Accord, In re All-State Constr. Co.*, 70 Wn.2d 657, 665, 425 P.2d 16 (1967). Closer scrutiny is required where the taxes to be saved by reliance on an exemption are imposed for the benefit of a particular group which society seeks to aid, such as unemployed workers. *In re Fors Farms, Inc., supra* at 391.

(Footnote omitted.) *Schuffenhauer v. Department of Employment Security, supra* at 238-39.

■ A review of the reported decisions in this state clearly establishes two things about the agricultural labor exemption stated in RCW 50.04.150 (see footnote 1): (1) the courts have uniformly had difficulty determining where exempted agricultural labor ceases and where covered industrial or commercial labor begins as applied to large, modern agricultural operations such as the one at hand; and (2) that each such case must be decided on its own particular facts. *Schuffenhauer v. Department of Employment Security, supra; In re Fors Farms, Inc.*, 75 Wn.2d 383, 450 P.2d 973 (1969); *In re Yakima Fruit Growers Ass'n*, 20 Wn.2d 202, 146 P.2d 800 (1944); *State v. Christensen*, 18 Wn.2d 7, 137 P.2d 512, 146 A.L.R. 1302 (1943); *In re We-*

*natchee Beebe Orchard Co.,* 16 Wn.2d 259, 133 P.2d 283 (1943); and *Cowiche Growers, Inc. v. Bates,* 10 Wn.2d 585, 117 P.2d 624 (1941).

Dairy Valley's principal business is milk production. By far the predominant portion of its revenue is derived from the sale of its own milk and milk products. As to the approximately two-thirds of its employees who work on farms, the Department concedes they are within the agricultural labor exemption. RCW 50.04.150 (see footnote 1).

It is equally clear, however, that a significant part of Dairy Valley's business relates to other than the production and sale of its milk. It is true that Dairy Valley's processing plant pasteurizes and packages various of its own liquid milk products, but the plant also produces or manufactures ice cream, cottage cheese, and various fruit drinks. It is true that the two retail stores operated by Dairy Valley sell milk, but the stores also sell such items as butter (not Dairy Valley's own), eggs, and bread. It is likewise true that its own refrigerated truck delivers its liquid milk and milk products to the Seattle area daily, but the truck delivers other of the products noted as well. The 13 employees in question herein are those who do not work on the farms and who work in Dairy Valley's processing, sales, and transportation activities.

As held in *In re Fors Farms, Inc., supra* at 390:

> There is nothing in the history or language of the unemployment compensation act . . . to indicate that the legislature intended the agricultural exemption to cover the employees of every business activity that might be owned by a farmer.

Further, the off-the-farm portion of the farm labor exemption statute applies

> *only* if such service is performed as an incident to *ordinary* farming operations.

(Italics ours.) RCW 50.04.150 (2). See footnote 1.

As an appellate court, our role in cases such as this one is limited. We have carefully reviewed the entire record before us in view of the standards stated. We conclude there-

from that the administrative findings, conclusions, and decision are not clearly erroneous in view of the entire record as submitted and the public policy enunciated in the Employment Security Act, RCW Title 50.

Affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied July 28, 1976.

Review denied by Supreme Court December 21, 1976.